# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1336V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| PATRICIA G. STEWART, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: September 5, 2017 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.

*Voris E. Johnson*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On October 13, 2016, Patricia Stewart filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffered from dermatitis on her left arm and left should impingement as a result of her October 3, 2014, influenza ("flu") vaccine.[2] However, on July 31, 2017 the parties filed a joint stipulation of dismissal (ECF No. 23), and I issued an order concluding proceedings shortly thereafter on August

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1, 2017 (ECF No. 24).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated August 16, 2017. *See* Motion for Attorney's Fees, dated Aug. 16, 2017 (ECF No. 25) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $17,112.20 (representing $16,595.50 in attorney's fees, plus $516.70 in costs). *Id.* at 1.[3] Respondent filed a document reacting to the fees request on August 21, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 26 at 2-3. Petitioner filed a reply on August 22, 2017 echoing the comments of Respondent to defer to my discretion (ECF No. 27).

Here, Petitioner requests $350 per hour for Ms. Meyers for work performed in 2016-2017. Fees App. at 4. Petitioner also requests rates of $145 per hour for worked performed by paralegals. *Id.* These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience and will therefore be awarded. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The hourly rates sought for present counsel are also consistent with my prior determinations and the decisions of other special masters. *See Intini v. Sec'y of Health & Human Servs.*, No. 15-304V, 2016 WL 8136089 (Fed. Cl. Spec. Mstr. Dec. 21, 2016); *Smith v. Sec'y of Health & Human Servs.*, No. 16-1282V, 2017 WL 1247866 (Fed. Cl. Spec. Mstr. Mar. 9, 2017).

The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. This case was originally assigned to the Office of Special Masters' Special Processing Unit, which exists to expedite the processing of claims that are expected to be resolved without extensive litigation, thus reflecting the judgment of the Court that the matter had some merit but was likely to resolve one way or another in a prompt manner. It was transferred to me only when it became clear that the parties had greater factual or legal disputes, but counsel thereafter acted efficiently in seeking dismissal once it was evident to her and Petitioner that the claim was not viable. Under such circumstances, an award of fees is appropriate even for an unsuccessful case. The requested litigation costs also appear to be reasonable, and will be awarded.[4]

---

[3] Although Petitioner's counsel attempted to acquire a General Order No. 9, reporting personal costs Petitioner may have incurred, she was unable to do so, and therefore such costs are hereby waived. Fees App at 1.

[4] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Nancy Routh Meyers, Esq., who practices in Greensboro, North Carolina. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the prevailing rate in counsel's area consistent with an Attorney Fee Survey schedule. The proposed rate amounts to near the in-forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$17,112.20** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Nancy Routh Meyers, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Ms. Meyers is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.